# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

FILED 27 AUG '18 10:26 USDC-ORP

**OSCAR GARCIA III.**
(Plaintiff)
v.

**JOHN POPE, JOHN KAMMERZELL, JOHN ZAMARRIPA, JANE NESS, JOHN ALVARADO, JOHN DUCHEK, BRIDGET AMSBERRY, JOHN DOE, HEATHER NEVIL**
(Defendants)

CIVIL CASE NO. 2:18cv01573-MC
HON. _____

**CIVIL RIGHTS COMPLAINT**

**JURY TRIAL DEMANDED**

## I. Introduction

1. This is a §1983 action filed by Plaintiff Oscar Garcia III. A State prisoner, alleging his rights under the Eighth and Fourteenth Amendments of the United States Constitution were violated. Plaintiff alleges that when he was a state prisoner at the Eastern Oregon Correctional Institution cruel and unusual punishment, and excessive force was used against him, and his due process rights violated by defendants acting under the color of state law.

## II. Jurisdiction

2. This court has jurisdiction over plaintiffs claim of violation of federal Constitutional rights under 42 U.S.C §§ 1331 (1) and 1343.

## III. Parties

3. Plaintiffs name: Oscar Garcia III.
Plaintiffs Oscar Garcia at all relevant time to this complaint was confined by the Oregon Department of Corrections at the Eastern Oregon Correctional Institution. EOCI
2500 Westgate
Pendleton OR 97801

pg. 1 of 10

4. Defendants "John Pope", "John Kammerzell", "John Zamarripa", "Jane Ness", and "John Doe" were correctional officers employed at the Eastern Oregon Correctional Institution at all relevant time to this complaint. Their full names are presently unknown to plaintiff. They are each being sued in their individual capacity.

5. Defendant "John Alvarado" was a Sergeant working in the Disciplinary Segregation Unit at all relevant time to this complaint. He is employed at the Eastern Oregon Correctional Institution. His full name is presently unknown to plaintiff. He is being sued in his individual capacity.

6. Defendant "John Duchek" was the Disciplinary Segregation Unit Lieutenant at all relevant time to this complaint. He is employed at the Eastern Oregon Correctional Institution. His full name is presently unknown to plaintiff. He is being sued in his individual capacity.

7. Defendants "Bridget Amsberry" was the superintenent at all relevant time to this complaint. She is employed at the Eastern Oregon Correctional Institution. She is being sued in her official capacity as well as her individual capacity.

8. Defendant "Heather Nevil" was the hearings officer at all relevant time to this complaint. She is employed at the Eastern Oregon Correctional Institution. She is being sued in her individual capacity.

9. All defendants acted and continue to act, under the color of state law at all relevant times to this complaint.

10. All defendants are employed at:

    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, Oregon 97801

pg. 2 of 10

## IV. Exhaustion of Available Remedies

11. Plaintiff exhausted his administrative remedies before filing this complaint.

## V. Factual Statement

12. At around or about 8:05 a.m on April 9th, 2018 at the Eastern Oregon Correctional Institution in Pendleton Oregon defendant "John Pope" responded to a mutual altercation between Plaintiff Oscar Garcia and another inmate. Pope grabed plaintiff and slamed him on the dining room table. Plaintiff then ceased any aggressive behavior. Defendant "John Kammerzell" at that point sprayed plaintiff with chemical agents.

13. Plaintiff was placed in handcuffs. By that time it is very clear that plaintiff is not in any way resisting or posing any type of threat. Still defendants Pope and Kammerzell roughly jerk plaintiff off the ground. Defendants then started to walk plaintiff to segregation. For no valid reason, and obviously retaliation both defendants Pope and Kammerzell put plaintiff in a arm-bar. This caused plaintiff great pain and humiliation. Plaintiff was made to walk from the dining room to segregation while in this arm-bar. His face facing a foot off the ground (estimated foot). This walk is an estimated 100 yards. Throughout this walk plaintiff could not see as chemical agents were in his eyes. Plaintiff was extremely terrified as one of the defendants threaten plaintiff by saying "make one wrong step I'll slam your fucking face into the concrete!" It felt to plaintiff like defendants were trying to rip his arms of his body.

14. Upon entering the segregation building one of the defendants who were escorting plaintiff was shouting "this one is comming in for a staff assualt" and "he hit a staff" encouraging segregation staff to retaliate against plaintiff

15. Defendants "John Doe" and "John Zamarripa"

Pg. 3 of 10

then processed plaintiff into Disciplinary Segregation. Plaintiff was given a rag for about a minute, then had to remove all clothing to be searched. During this time defendant Zamarripa said to plaintiff "So you like to hit staff?" After pictures were taken, and plaintiff was dressed, he was taken to his new cell in segregation. Plaintiff was in his cell for less than two minutes (estimated time) when defendant "Jane Ness" asked him if he wanted a shower. Plaintiff felt like he was burning so he desperately said "yes". Plaintiff was placed in handcuffs and shackles then escorted by defendants "Ness", "Zamarripa", and "Doe" to a shower room. This shower room is small and has a steel door that is locked while inmates shower. There are no objects inside this room aside from a shower head, three small hooks on a wall used as hangers, one mirror a window that does not open and a vent that hardly works. There are no buttons or valve to turn water off and on, or control water temperature. About 10 seconds after restraints were taken off and the door locked, the water came on. This water was warm/hot. Once it hit plaintiff he felt like he was sprayed with chemical agents again, except worse. Plaintiff lost his vision immediately and started choking. The chemical agents had re-activated. The chemical agents ran down the plaintiffs body contaminating his penis and buttocks, and running down to his legs. This caused plaintiff excruciating pain. Especially to his private parts. The water felt hot throughout the whole time, temperature was so high that the room quickly foged up. The mirror and window had foged up and the re-activated chemical vapors had plaintiff gaging and coughing. As the vapors from the chemical agents were traped in the small shower room.

16. All from the start of being processed into disciplinary segregation and to being placed in a warm/hot only shower defendant "John Alvarado was one of the

pg. 4 of 10

officers in charge and is a Sergeant who has been trained in the use of chemical agents and it's decontamination process. Yet he did not try to stop the actions of his subordinates.

17. Defendant "John Duchek" is the Disciplinary Segregation Unit (DSU) Lieutenant. He is one of the employees managing the day to day operations in DSU. There was prior complaints made about DSU staff using warm/hot water as a form of torture on inmates contaminated with chemical agents. Yet he did not put a stop to the practice.

18. Defendant "Bridget Amsberry" is the superintendent of EOCI. After prior complaints she did not put a stop to the practice of disciplining inmates through the use of warm/hot water on contaminated inmates.

19. After the hot miserable shower plaintiff was placed back in his cell. The effects of re-activated chemical agents still burning throughout his whole body, private parts, and legs. Plaintiff had a hard time sleeping that night as he felt like someone had just thrown hot grease on him. This torment lasted days as his next shower was not until April 12th, 2018, after about 4:00 pm. Throughout that time plaintiff was in constant agony. When he was given another shower on April 12th he could feel the chemical agents reactivate again, as he was again showerd in warm/hot water.

20. On April 10th, 2018 at around 7:00 a.m. plaintiff received a disciplinary report. Plaintiff was shocked to see he was charged with staff assualt one. And accused of intentionally punching a correctional officer twice in the face. Plaintiff strongly denies those charges. Plaintiff was in great stress over those allegations, as they normally come with

pg. __5__ of __10__

criminal charges. Because of those false allegations plaintiff received harsh treatment, such as being shackled and handcuffed everytime he left his cell, and unable to get a job while in segregation. Being shackled every time plaintiff left his cell is not normal practice even for inmates in segregation. Because of the false allegations plaintiff received a sentence of 180 days of segregation while the other mutual combatant received about or around 60 Days.

21. On April 10th, 2018 plaintiff noticed that the numbness in his arm and hand that he had since being escorted to segregation had not subsided. So he complained to the nurse about it during "sick call". "Sick Call" is the time when inmates are able to talk to medical providers. This complaint continued as the numbness was not going away. Then on May 2, 2018 he was able to see the doctor. The Doctor told plaintiff he sufferd a contusion and hurt a nerve that was causing the numbness. And he would see him at a later date to make sure it was healing good. The pain and numbness continued and on May 24th to May 28, 2018 he was given pain reliever by medical staff. It did not help. On June 12 to June 15, 2018 he was again given pain releiver, and ice but it did not help. On July 25th plaintiff got to see a doctor again. The Doctor told plaintiff he believed the numbness would continue for about another six months, as some of the numbness had already gone away. He orderd staff to not use regular handcuffs on plaintiff and to use extended handcuffs so they wouldn't further the injury. As Plaintiff writes this complaint the numbness is still there.

22. On April 19th, 2018 plaintiff was given a disciplinary

pg. 6 of 10

hearing by Defendant "Heather Nevil". In that hearing plaintiff attempted to dispute the charges of him assualting a correctional officer intentionally. But was unable to dispute any evidence as none was presented, except one false report by Defendant Pope. Plaintiff asked to have presented documents and pictures that were not a safty concern, and defendant Nevil denied him. Plaintiff also asked to have relevant staff memorandums read for the record, and would step out the room to allow hearings officer to read them outside of plaintiffs presence just in case any were of safty concern, and was denied. Plaintiff pointed out that defendant Popes report states that there are no staff wittnesses. Defendant Nevil then stated that there are staff wittnesses. Plaintiff wanted to know who these potential staff wittnesses were. Defendant Nevil ~~denied~~ refused to say who for no valid reason. Therefore plaintiff could not call on staff who could have been reliable and helpful as wittnesses. Defendant Nevil found plaintiff guilty of staff assualt one, and other charges. Plaintiff was sentenced to 180 days of segregation and a $200.00 dollar fine by Defendant Nevil.

## VI. Claims for Relief

23. The actions of Defendants "John Pope" and "John Kammerzell" in the use of excessive and unnecessary force, and phyisical force against plaintiff without need was done maliciously, and sadistically, constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

24. The actions of Defendants "John Zamarripa", "Jane Ness" and "John Doe" in using warm/hot water ~~~~ to re-activate chemical agents

Page 7 of 10

as a way to retaliate against plaintiff was done maliciously and sadistically and subject plaintiff to unnecessary and wanton infliction of pain. Thus constitutes a violation of plaintiffs Eighth Amendment Right under the Constitution of the United States of America.

25. The failure of Defendant "John Alvarado" to stop subordinates from causing plaintiff physical harm constituted deliberate indifference to plaintiffs safty and contributed to and proximately caused a violation of the Eighth Amendment of the United States Constitution.

26. The failure of Defendants "Bridget Amsberry" and "John Duchek" to adequately train and/or supervise their staff in proper ways to decontaminate from chemical agents so as to prevent an injury rather than further the injury is done maliciously and sadistically with the sole intention of knowingly and diliberately inflicting pain on inmates such as plaintiff constitutes deliberate indifference, cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

27. Defendant "Heather Nevil" refusing to let plaintiff present any kind of documents that were of no safty concern, and refusing to let plaintiff call wittnesses for no valid reason and not allowing plaintiff to dispute evidence, sentencing him to 180 days of segregation denied plaintiff due process of law in violation of the Fourteenth Amendment of the United States Constitution.

## VII. Relief Requested

Wherefore, Plaintiff request that court grant the following relief:

    A. Issue a declaratory judgement saying that:

1. The excessive force and physical abuse by Defendants Pope and Kammerzell violated plaintiffs rights under the Eighth Amendment of the United States Constitution.

2. The physical abuse through the use of warm/hot water and reactivated chemical agents by Defendants Ness, Zamarripa, and Doe violated plaintiffs rights under the Eighth Amendment of the United States Constitution.

3. The failure of Defendant Alvarado, Duchek, and Amsberry to stop the physical abuse of prisoners violated plaintiffs rights under the Eighth Amendment of the United States Constitution.

4. Defendant Heather Nevil's actions in conducting the plaintiffs disciplinary hearing, violated the plaintiffs rights under the due process clause of the Fourteenth Amendment of the United States Constitution.

B. Issue an injuction ordering defendants Amsberry or her agents to:

1. train and/or supervise their staff in proper ways to decontaminate chemical agents off prisoners.

2. Remove Heather Nevil as hearings officer.

C. Award compensatory damages for the injury to plaintiffs arm and hand, pain and suffering, sleep deprevation, shock, anxiety, shame, emotional distress, mental suffering, physical discomfort and humilation. in the amount of:

1. $50,000.00 each against Defendants Pope, Kammerzell, Ness, Zamarripa, Doe and Alvardo.

2. $60,000.00 each against Defendants Duchek, Amsberry and Nevil.

D. Award punitive damages for plaintiffs injury, pain and suffering, sleep deprevation, shock, anxiety, physical discomfort, emotional distress,

pg 9 of 10

mental suffering, shame and humiliation in the Amounts of:

1. $60,000.00 each against Defendants Duchek, Amsberry, and Nevil.

2. 20,000.00 each against Pope, Kammerzell, Ness, Zamarripa, Doe and Alvarado.

Respectfully Submitted

Dated: Aug. 22, 2018

*Oscar Garcia*
Oscar Garcia III.
Plaintiff

Pg 10 of 10

# DECLARATION

I am the prose plaintiff in the above entitled action and make the verified civil complaint which is based upon my best knowledge and belief of this verified civil complaint with Jury Demanded.

I, Oscar Garcia, hereby declare under the penalty of perjury, under the laws of the United States of America, that the above statement of facts and law are true and correct, according to the best of my current information, knowledge and belief.

Dated this 22 day of August 20 18.

Respectfully Submitted,

Oscar Garcia
(Signature)
Print Name: Oscar Garcia
Sid # 16405050
2500 Westgate
Pendleton, OR
97801

Page 1 of 1 – Declaration of Inmate

## CERTIFICATE OF SERVICE

I certify that I am incarcerated at the Eastern Oregon Correctional Institution by the Oregon Department of Corrections, and on this _____ day _____, 20____, I served a true copy of this __§1983 Civil Complaint__ by placing it in a securely enclosed, postage prepaid envelope, to the person(s) named at the places addressed below:

Respectfully,

*[signature: Oscar Nava]*

SID# _14465050_
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR. 97801