UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


OSCAR GARCIA, III,

    Plaintiff,

    v.

MICHAEL POPE, TRAVAS KAMMERZELL,
JOSUE ZAMARRIPA, TERESA NESS,
VICTOR ALVARADO, JASON DUCHEK,
BRIGITTE AMSBERRY, R. LAKE,
HEATHER NEVIL,

    Defendants.

Case No. 2:18-cv-01573-MC

OPINION AND ORDER

_____

MCSHANE, District Judge:

Plaintiff, an inmate formerly housed at the Eastern Oregon Correctional Institution (EOCI), filed this action under 42 US.C. § 1983, alleging that defendants exhibited deliberate indifference to his health and safety by exposing him to a warm shower after pepper spray was used against him. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56, arguing that they are entitled to qualified immunity. Because plaintiff's right to a cold decontamination shower was not clearly established at the time of the incident, defendants' motion for summary judgment is granted.

1    - OPINION AND ORDER

DISCUSSION

On April 9, 2018, plaintiff assaulted another inmate in the EOCI dining room. Correctional Officers Pope and Kammerzell immediately responded and attempted to break up the fight. Pope Decl. ¶ 8; Kammerzell Decl. ¶ 6. After plaintiff struck Pope in the face, Kammerzell sprayed plaintiff with pepper spray in order to subdue him. Pope Dec. ¶ 9-11; Kammerzell Decl. ¶ 8; Sword Decl. Att. 2. Pope and Kammerzell then restrained plaintiff and took him to the Disciplinary Segregation Unit (DSU). Pope Decl. ¶ 12.

During the first thirty minutes he was in DSU, plaintiff was observed every ten minutes and examined by a health care professional. Duchek Decl. ¶ 5 & Att. 1. Plaintiff was allowed to flush his eyes, provided wet and dry towels and clean clothes, and placed in an open-air area. *Id.* At some point, Correctional Officer Ness asked plaintiff whether he wanted a decontamination shower, and plaintiff indicated that he did. Am Comp. ¶ 15; Duchek Decl. ¶ 5. The DSU showers have a staff-activated push button with only warm water, and at the time of incident, inmates could not control the water temperature. Duchek ¶ 6. According to plaintiff, the warm water of the DSU shower reactivated the effects of the pepper spray, causing him "excruciating pain" and discomfort. Am. Compl. ¶ 15.

DISCUSSION

Plaintiff initially alleged claims of excessive force, deliberate indifference, and the denial of due process. Am. Compl. ¶¶ 23-26. Defendants moved for summary judgment on all claims, but plaintiff subsequently dismissed his excessive force and due process claims. Plaintiff's remaining claim alleges that defendants Ness, Lake, Zamarripa, Amsberry, and Duchek were deliberately indifferent to plaintiff's health and safety by exposing him to a warm-water decontamination shower. Pl.'s Resp. to Mot. Summ. J. at 4-6. Plaintiff seeks declaratory and

injunctive relief and compensatory damages, and he moves for summary judgment against Duchek and Lake.

To prevail on their respective motions for summary judgment, the parties must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Cross motions for summary judgment are evaluated separately, with the non-moving party for each motion given "the benefit of all reasonable inferences." *Am. Civil Liberties Union of Nev. v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

Defendants argue that plaintiff's claims for declaratory and injunctive relief are moot, because the EOCI DSU now has a cold-water option for pepper-spray decontamination. I agree. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (a claim is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citation omitted). Both parties represent that cold water showers are now available in DSU, allowing me to find that the option for warm decontamination showers is not likely to recur. *Id.* Remaining is plaintiff's Eighth Amendment claim for damages.

A prison official acts with "deliberate indifference" in violation of the Eighth Amendment if the official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Plaintiff alleges that the chemical agents of the pepper spray were reactivated by the warm water, causing him to suffer severe pain, and that defendants knew a warm decontamination shower would have such an effect. Defendants concede that inmates could not adjust the water temperature of the DSU showers, and a cold shower was not available to decontaminate plaintiff. Duchek Decl. ¶¶ 5-6. Nonetheless, defendants argue that qualified immunity defeats plaintiff's claim.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted).

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority[.]'" It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. Otherwise, the rule is not one that "every reasonable official" would know.

*District of Columbia v. Wesby*, 138 S. Ct. 577, 589-90 (2018) (citations omitted). Further, the Supreme Court has repeatedly admonished lower courts that "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam); *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (noting that the Court has "'repeatedly told courts – and the Ninth Circuit in particular – not to define clearly established law at a high level of generality'") (citations omitted) (per curiam).

The Ninth Circuit has held that the failure to provide an inmate with prompt decontamination procedures after the use of pepper spray can establish a claim for deliberate indifference. *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) ("In this case, the prisoners may be able to show that the defendants were subjectively aware of the risk of serious injury when they denied showers and medical attention for the inmates for the 4 hour period."). However, no controlling or even persuasive authority has held that warm-water decontamination showers constitute deliberate indifference.

In fact, most courts addressing this issue have rejected claims of deliberate indifference arising from a warm or hot decontamination shower. *See Johnson v. Schiff*, 2019 WL 4688542, at *4, 14 (S.D.N.Y. Sept. 26, 2019) (finding that the plaintiff did not "allege facts suggesting that

he suffered permanent effects or serious injury from the pepper spray" or a "hot" shower); *Bullocks v. Keating*, 2018 WL 5808776, at *2, 7-8 (S.D. Ohio, Nov. 6, 2018) (finding no Eighth Amendment violation and, alternatively, that qualified immunity applied where the plaintiff alleged he was placed in a shower "with only hot water"); *Duncan v. McKenzie*, 2016 WL 1597103, at *7 (D. Md. Apr. 20, 2016) (granting summary judgment because "there is no evidence that Duncan was unable to use some of the water to wash himself or that...staff had any control over the temperature"); *Wilson v. Tincher*, 2016 WL 676583, at *6 (W.D. Va. Feb. 18, 2016) (granting qualified immunity where the inmate was given the option to shower and refused because the water was not "cool"); *Garcia v. Covello*, 2015 WL 160673, at *8 (C.D. Cal. Jan. 12, 2015) (finding that "[p]epper spray decontamination with hot instead of cold water does not constitute an excessive risk of serious harm"); *Saunders v. Shaw*, 2015 WL 6693744, at *8 (E.D. Va. Oct. 28, 2015) (finding that an inmate's "minor discomfort during the decontamination [with hot water] does not suggest that any reasonable juror could characterize Defendants' conduct as a wanton infliction of pain"); *Davis v. Prince*, 2013 WL 588723, at *5 (E.D.N.C. Feb. 13, 2013) (granting qualified immunity because "decontamination was undertaken and a medical evaluation was conducted" after an allegedly hot shower); *Jones v. Ryan*, 2011 WL 227569, at *7 (S.D. Cal. Jan. 24, 2011) (granting summary judgment where "no evidence in the record" suggested a hot decontamination shower "was done with malicious or sadistic intent").

In the few cases denying qualified immunity, the inmates were subjected to additional conditions that exacerbated their pain and discomfort. *See Murray v. Lilly*, --- F. Supp. 3d ---, 2019 WL 4733552, at *1, 6 (S.D. W.Va. Sept. 26, 2019) (denying qualified immunity where the plaintiff was placed "fully clothed, in a scalding hot shower" after being pepper sprayed and moved to "a solitary confinement cell" without "fresh clothing, bedding, or a mattress until the

following day"); *Washington v. Gustafson*, 2017 WL 947278, at *10-11 (E.D. Cal. Mar. 9, 2017) (finding genuine issues of material facts regarding allegations that the defendants provided "only excessively hot water" for decontamination and "failed to provide…medical assistance" for hours), *report and recommendation adopted*, 2017 WL 1198656 (E.D. Cal. Mar. 31, 2017).

Plaintiff does not allege any disregard to his health or safety aside from the warm shower. Plaintiff received medical attention, wet and dry towels, clean clothing, and he was placed in an open area and allowed to flush his eyes. Duchek Decl. & Att. 1. Further, defendants did not force plaintiff to take a shower; instead, they asked if he wanted one, and under the circumstances it was not feasible to transport plaintiff out of DSU to access another shower. Duchek Decl. ¶ 8. To the extent plaintiff maintains that defendants should have warned him about the effects of hot water, such a claim would be akin to negligence and does not establish deliberate indifference. *Clement*, 298 F.3d at 904 ("Mere negligence is insufficient for liability.").

Accordingly, it was not clearly established that plaintiff's Eighth Amendment rights would be violated by exposure to a warm decontamination shower in these circumstances, and defendants are entitled to qualified immunity.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 32) is GRANTED and plaintiff's Cross-Motion for Summary Judgment (ECF No. 39) is DENIED. This case is DISMISSED. IT IS SO ORDERED.

DATED this 5th day of March, 2020.

s/ Michael J. McShane  
Michael J. McShane  
United States District Judge